UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 13-CV-23672-FAM

GLORIA BARILOTTI, and AMERICO
BARILOTTI, her husband,

    Plaintiffs,

v.

ISLAND HOTEL COMPANY LIMITED,
a Bahamian company,

    Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Island Hotel Company Limited, ("Island"), hereby files this Motion to Dismiss the Complaint filed by Plaintiffs, Gloria Barilotti and Americo Barilotti (collectively "Plaintiffs") (DE 1). In support, Island states as follows:[1]

## I.     Introduction

This matter involves an alleged slip and fall at Atlantis resort on Paradise Island, The Bahamas. Plaintiffs have filed a purported two count Complaint against Island. The Complaint alleges Gloria Barilotti suffered personal injury due to Island's alleged negligence. The Complaint further alleges as a result of Gloria Barilotti's injuries, her husband Americo Barilotti has suffered the diminishment of his wife's companionship and consortium. As set forth herein, the Complaint should be dismissed under the doctrine of *forum non conveniens* because Plaintiffs were guests at Atlantis Resort in The Bahamas at the time of the alleged incident and are subject to a contractual agreement stating that any claims arising from their stay in The Bahamas would be brought, if at all, exclusively before a court located in The Bahamas. Further, The Bahamas is the more appropriate forum for resolution of this dispute.

## MEMORANDUM OF LAW

## II.     Plaintiffs' Complaint should be dismissed under the doctrine of *forum non conveniens*

Under the doctrine of *forum non conveniens,* a district court has the inherent power to decline to exercise jurisdiction even when venue is proper. *See Gulf Oil v. Gilbert,* 330 U.S. 501, 506–07 (1947). According to the Eleventh Circuit, to obtain dismissal under the doctrine, "the moving party must demonstrate that (A) an adequate alternative forum is available, (B) the public and private interest factors weigh in favor of dismissal, and (C) the plaintiff can reinstate

---

[1] Plaintiffs' factual allegations in the Complaint regarding operations, corporate structure and the running of the Atlantis Resort are not correct. The factual inaccuracies, however, are not germane to this Motion to Dismiss.

1

his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.,* 251 F.3d 1305, 1310–11 (11th Cir. 2001).

Recently, the U.S. Supreme Court clarified the process for enforcing a valid forum-selection clause involving a foreign forum. According to the Supreme Court, dismissing a complaint pursuant to a valid forum selection clause must be done through a **modified** *forum non conveniens* analysis. *Atlantic Marine Const. Co., Inc. v U.S. Dist. Court for the Western Dist. of Texas*, *et al.*, 134 S. Ct. 568 (2013). The presence of a valid forum-selection clause requires district courts to adjust their usual *forum non conveniens* analysis in three ways.

First, "the plaintiff's choice of forum merits no weight." *See id*. at 581-82. According to the Supreme Court, where as here, a plaintiff initially agrees by contract to file the lawsuit only in a specified forum, "the plaintiff has effectively exercised its 'venue privileges' before a dispute arises. Only that initial choice deserves deference …." *See id*. Thus, in the instant case, deference is given to The Bahamas as the selected forum for resolution of this dispute - not Florida as now requested in the lawsuit.

Second, unlike the traditional *forum non conveniens* analysis, the district court "should not consider arguments about the parties private interests." *See id*. at 582. According to the Supreme Court, when a plaintiff agrees to a forum-selection clause,

> they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. **A [district] court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum**. As we have explained in a different, but instructive context, whatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contract.

*See id*. (internal citations and quotations omitted) (emphasis added). Instead, the district court should look solely to the public interest factors, which "include the administrative difficulties

2

flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *See id.* The preselected forum in this litigation is The Bahamas.

Third, when parties bound by a forum-selection clause "flouts its contractual obligation and files suit in a different forum," the plaintiffs' chosen venue's choice-of-law rules will not apply. *See id.* Thus, the valid contract at issue calls for application of Bahamian law to this dispute and under the Supreme Court's revised analysis proscribed by *Atlantic Marine*, no Florida choice of law analysis is required or applicable. In fact, the Supreme Court in *Atlantic Marine* made clear that "a valid forum selection clause [should be] given controlling weight and all but the most exceptional cases." *Atlantic Marine*, 134 S. Ct. at 581 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).

### A.   Plaintiffs are bound by a written agreement containing a valid forum selection clause requiring this dispute be heard exclusively in The Bahamas

Plaintiffs booked their stay at Atlantis through the travel agency Liberty Travel. Atlantis has a longstanding contract with Liberty Travel. *See* Declaration of Ghandi Knowles-Thompson, attached hereto as Exhibit 1.[2] The contract includes a provision advising that guests booking their Atlantis reservation through Liberty will be required to sign a registration form upon their arrival at the resort that includes a choice of law provision and forum selection clause. *See id*. Section 17.2.3 of the contract, titled Guest Registration (emphasis in original), states as follows:

> During the guest registration process, your clients will be asked to sign a form agreeing to the following terms related to any claims they may have as a result of their stay at the resort: I agree that any claim I may have against Atlantis, Dolphin Cay, or any of their officers, directors, employees or related or affiliated companies, including, without limitation, Kerzner International Limited, Kerzner International Bahamas Limited, Island Hotel Company Limited, Paradise

---

[2] The Declaration of Ghandi Knowles-Thompson and the contract attached thereto are being conventionally filed by U.S. Mail along with a Motion to Seal, pursuant to Local Rule 5.4.

3

> Enterprises Limited, Paradise Island Limited and Paradise Beach Inn Limited resulting from any events occurring in The Bahamas shall be governed by and construed in accordance with the laws of the Commonwealth of The Bahamas, and further, irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever. The foregoing shall apply to all persons accompanying me, and I represent that I have the authority to sign this document on their behalf.

*See id.*

Upon their arrival at Atlantis, Plaintiffs did in fact sign a written registration form entitled "Acknowledgment, Agreement and Release" ("Acknowledgment") that reads, in pertinent part:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for such proceedings whatsoever. . . .

*See* registration form attached as Exhibit 2.  Despite that their agent was previously notified of the choice of law provision and forum selection clause, and that Plaintiffs signed a registration form in which they agreed that any lawsuit would be filed in The Bahamas, Plaintiffs instead filed the instant lawsuit in Florida in violation of the forum selection clause.

The forum selection clause is enforceable. First, under federal law forum selection clauses are presumed to be valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285 (11th Cir. 1998). Enforcement will be ordered unless it clearly would be "unreasonable and unjust, or the clause was invalid for such reasons as fraud or over-reaching." *Bremen*, 407 U.S. at 15; *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512 (9th Cir. 1988). A forum-selection clause is unreasonable only if it is obtained by fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum as to actually deprive that party of a meaningful day in Court. *Bremen*, 407 U.S. at 12–18.  Non-

negotiated forum selection clauses are presumptively valid. *Marco Forwarding Co. v. Cont'l Cas. Co.*, 430 F. Supp. 2d 1289, 1294 (S.D. Fla. 2005) ("As the Supreme Court of the United States held in *Shute,* a non-negotiated forum selection clause in a form contract is not per se unenforceable") (citing *Sun Trust Bank v. Sun Int'l Hotels, Ltd.,* 184 F.Supp.2d 1246, 1259 (S.D. Fla. 2001) ("A non-negotiated forum-selection clause is not invalid simply because it is contained on a pre-printed form")); *see also Goodman v. Hill–Rom Co., Inc.,* 1996 WL 685840, *3 (M.D.Fla.1996). The party seeking to avoid the forum-selection clause "bear[s] a heavy burden of proof." *Id*. at 17.

Second, it is well-settled that travel agents are agents of purchasers of travel, and guests are accordingly charged with constructive knowledge of terms and conditions while travel documents are in their agents' possession. Thus, prior notice to Liberty that guests booking Atlantis reservations will be required to sign a registration form upon their arrival at the resort that includes a choice of law provision and forum selection clause is deemed notification to Plaintiffs. *See e.g., Kohanim v. Kerzner Int'l Hotels Ltd*., Case No.: CV 10-4792, at *4 CAS (JEMx) (C.D. Cal. Jan. 5, 2001); *Lurie v. Norwegian Cruise Lines, Ltd.,* 305 F.Supp.2d 352, 360 n. 1 (S.D.N.Y.2004) ("It is settled law that travel agents are to be construed as agents of ticket purchaser, and passengers are accordingly charged with constructive knowledge of ticket terms and conditions while the tickets are in their agent's possession"); *Boyles v. Cunard Line Ltd.,* 1994 WL 449251, *4 (S.D.N.Y. Jan. 11, 1994) (noting that travel agents act in the "capacity of an agent in acquiring ... ticket[s] for the plaintiff[s]"); *Hodes v. S.N.C. Achille Lauro ed Altri–Gestione,* 858 F.2d 905, 911–12 (3d Cir.1988) ("[T]hrough their own and their agent's possession of the tickets, the appellees are charged with notice of their ticket provisions"), *cert. denied,* 490 U.S. 1001, 109 S.Ct. 1633, 104 L.Ed.2d 149 (1989), *overturned on other grounds,*

*Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989); *Gomez v. Royal Caribbean Cruise Lines,* 964 F.Supp. 47, 50 (D.P.R.1997) (imputing knowledge of contract terms to passengers based on travel agent's knowledge and duty to advise of terms); *Marek v. Marpan Two,* 817 F.2d 242, 247 (3d Cir.1987).

Further, courts hold that "a travel agent's possession of the ticket is sufficient to charge passengers with constructive notice of the ticket provisions." *Walker v. Carnival Cruise Lines,* 63 F. Supp. 2d 1083*,* 1089, (N.D. Cal. 1999) (imputing knowledge of contract terms to passengers based on travel agent's knowledge and duty to advise of terms; noting that "courts have ... held that notice of important conditions of a passage contract can be imputed to a passenger who has not personally received the ticket or possession thereof. The ticket may be received by passengers themselves or by their travel agent") (*citing Gomez,* 964 F.Supp. at 50-51); *see also Kientzler v. Sun Line Greece Shipping Co.,* 779 F. Supp. 342, 345 (S.D.N.Y. 1991) (circumstantial evidence indicated that ticket contract was received by a co-worker of the plaintiff, as agent). Unlike many guests who are provided with notice of the forum selection clause in a link imbedded in an email (which courts hold is sufficient notice of the forum selection clause), in this instance Island gave notice to Liberty Travel several years before Plaintiffs booked their reservation. Island advised that all guests booking their reservation through Liberty will be required to sign a registration form upon their arrival at Atlantis that includes a choice of law provision and forum selection clause.

Third, other Southern District Courts – including the Eleventh Circuit – have ruled that the forum selection clause used by Atlantis (and which is involved here) is enforceable. For example, in *Krenkel v. Kerzner Int'l Hotels Ltd., et al.* 579 F.3d 1279 (11th Cir. 2009), the Eleventh Circuit upheld the enforcement of a personal injury case against Kerzner defendants on

6

the grounds that the forum selection clause was valid and enforceable. Notably, the forum selection clause was identical to that herein. The Eleventh Circuit ruled that the clause was reasonably communicated to the plaintiffs, was neither hidden nor ambiguous, in plain language, and the plaintiffs were not induced to sign by means of fraud or overreaching. *Krenkel,* 579 F.3d at 1281. Moreover, the Eleventh Circuit found that the plaintiffs had not "demonstrated inconvenience or unfairness, that [The Bahamas] would deprive them of a remedy or that enforcement … would deprive them of a remedy." *See id.* at 1282; *see also Miyoung Son v. Kerzner Intern. Resorts, Inc.*, 2008 WL 4186979 (S.D. Fla. 2008) (Judge Marra ruling the forum selection clause, similar to the one at issue herein, was enforceable); *Giordano v. Sun Int'l North America, Inc.*, No. 98-7456-CIV-DIMITROULEAS, (S.D. Fla. Sept. 30, 1999) (Judge Dimitrouleas ruling the forum selection clause was enforceable).[3] For these reasons, the forum selection clause is valid and enforceable – especially for an alleged incident that occurred at a Bahamian resort.

> **B.  The Bahamas, where this alleged incident occurred, is an adequate alternative forum**

The next step is to determine "whether an adequate alternative forum exists …." *C.A. La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). This inquiry has two parts – both the *availability* and the *adequacy* of the proposed alternative forum. *Leon,* 251 F.3d at 1311. <u>Both parts of the inquiry are satisfied here</u>. First, a defendant can demonstrate an available forum by showing that it is amenable to service of process in that forum, or alternatively, by consenting to the jurisdiction of the alternative forum. *See e.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 242 (1981); *La Seguridad,* 707 F.2d at 1305 n.1. Defendant Island is a Bahamian

---

[3] *Giordano* involved an alleged personal injury at Atlantis Resort.

corporation. *See* Complaint, at ¶¶ 5-16. As a Bahamian corporation it is amenable to service of process in The Bahamas. Further, Island hereby consents to jurisdiction in The Bahamas. Accordingly, Island has satisfied the availability inquiry.

Second, an alternative forum will be considered adequate so long as it could provide some relief for the plaintiffs' claims, even if "the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum." *Piper Aircraft*, 454 U.S. at 247. Here, the Bahamian legal system is patterned after England's legal system. *See Miyoung Son*, 2008 WL 4186979 at *7 (dismissing suit on basis of *forum non conveniens* and finding that "the Supreme Court of the Bahamas is an adequate alternative forum for the instant action" which included claims of negligence and loss of consortium.); *Morrone v. Sun Intern. Hotels Ltd.*, Case No. 05-61600-Civ-Seitz/McAliley, at *5 (S.D. Fla. Sept. 22, 2006) ("Bahamian law is patterned after English common law and it recognizes actions based on common law negligence"). Accordingly, The Bahamas is an adequate alternative forum.

Numerous Southern District Courts have analyzed this issue and ruled that The Bahamas is an adequate alternative forum. *See McGinn v. Kerzner Intern. Hotels Ltd.*, Case No.: 12-cv-20536-Moore, at *5 (S.D. Fla. October 22, 2012) (noting Southern District Courts "consistently" hold that The Bahamas provides an adequate alternative forum); *Horberg v. Kerzner Intern. Hotels Ltd.*, 744 F.Supp.2d 1284, 1290-91 (S.D. Fla. 2007) (ruling "[i]t is undisputed that Defendants are amenable to process in The Bahamas … this Court has no reason to find other than that The Bahamas provides Plaintiff with an adequate alternative forum…."); *Miyoung Son v. Kerzner Intern. Hotels Ltd.*, 2008 WL 4186979 (S.D. Fla. Sept. 5, 2008) ("[T]he Court finds that the Supreme Court of The Bahamas is an adequate alternative forum for the instant action"); *Morrone*, Case No. 05-61600-Civ-Seitz/McAliley, at *5 ("[T]he Court finds The Bahamas to be

an available and adequate alternative forum …."); *Foster v. Sun Intern. Hotels Ltd.*, 2002 WL 34576251 (S.D. Fla. Feb. 5, 2002) (same); *Morse v. Sun Intern. Hotels, Ltd.*, 98-7451-CIV, 2001 WL 34874967 (S.D. Fla. 2001) (same); *Chierchia v. Treasure Cay Services,* 738 F. Supp. 1386, 1388 (S.D. Fla. 1990) (same). The Bahamas is an adequate alternative forum. Accordingly, Defendant has satisfied the availability and adequacy inquiry, thus the first part of the *forum non conveniens* analysis has been established.

### C.     The public interest factors weigh heavily in favor of dismissal

Once an adequate alternative forum has been established, under the *Atlantic Marine* holding, courts next must consider only the relevant *public* interest factors to determine whether dismissal is appropriate: "A district court may consider arguments about public-interest only." *See Atlantic Marine,* 134 S. Ct. at 582.  Here, the public interest factors weigh heavily in favor of dismissal. Public interest factors are considerations that affect the convenience of the competing forums. *Piper Aircraft,* 454 U.S. at 241.  The public interest factors to be considered include: (1) court congestion; (2) the local interest in the controversy; (3) avoidance of unnecessary problems in the application of foreign law; and (4) avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy. *See Gulf Oil Corp.*, 330 U.S. at 508-09.

The Southern District of Florida has one of the busiest dockets in the country. *Thermal Technologies, Inc. v. Dade Services Corp.*, 282 F. Supp. 2d 1373, 1378 (S.D. Fla. 2003); *see also Da Rocha v. Bell Helicopter Textron, Inc.*, 2006 WL 2619880, at *4-5 (S.D. Fla. Sept. 8, 2006) (because of the "administrative difficulties flowing from court congestion … it makes little sense to use the resources and facilities of a busy United States Federal Court to try" cases like this). In *Horberg v. Kerzner Intern. Hotels Ltd.*, Plaintiffs sued the Bahamian Kerzner entities for an accident that allegedly occurred in the Bahamas. The case was dismissed because "[t]he dispute

9

has little or no relation to Florida, and Florida has little or no interest in adjudicating claims under Bahamian law arising out of an incident that occurred in Bahamian waters under circumstances where Plaintiffs voluntarily traveled to The Bahamas." *Horberg,* 744 F.Supp.2d at 1295. Similarly, none of the allegations in the Complaint are the result of any activities conducted in Miami or Florida. This dispute centers around the claimed personal injuries allegedly suffered by Gloria Barilotti who alleges she slipped and fell at Atlantis in The Bahamas. It makes no sense to use the limited time and resources of this Court to adjudicate this case in Miami.

Further, the interests of The Bahamas far outweigh any local interest in the controversy. This is a dispute between Plaintiffs who had the time and financial resources to travel to one of the premier resorts in The Bahamas, who flew to the Bahamas for vacation, and who have sued a Bahamian company for an alleged slip and fall incident that occurred at the Atlantis resort in The Bahamas. Simply stated, the interests of Miami or even the United States pales in comparison to the interests of The Bahamas in resolving a dispute. Tourism is the largest industry in The Bahamas and the Atlantis is the largest resort in The Bahamas. *See Foster*, 2002 WL 34576251, at \*3 (The "*Bahamas has a very strong interest in this litigation. The tourism industry is vital to The Bahamas, and The Bahamas has an interest in regulating the conduct of Bahamian defendants and they duty under Bahamian law they owe visitors to the Atlantis Resort – the largest resort on the islands*") (emphasis added); *Horberg*, 744 F.Supp.2d at 1295-96 ("[T]he Court finds, for obvious reasons, that The Bahamas has a much stronger local interest in deciding this action. Defendants are Bahamian entities, and the alleged accident occurred off the waters of The Bahamas. The case involves a prominent Bahamian resort, and tourism is the largest industry in The Bahamas. The Bahamas has a vital interest in regulating the standards of conduct

10

of the Bahamian Defendants."); *McGinn*, Case No.: 12-cv-20536-Moore, at *5 (same); *Kawasaki Motors Corp. v. Foster*, 899 So. 2d 408, 412 (Fla. 3d DCA 2005) (ruling that public interest would be served by transferring jurisdiction to Jamaica since Jamaica has a significant interest in punishing a wrongdoer within its jurisdiction and ensuring the safety of those who visit its resorts).

Moreover, jury duty should not be imposed on the citizens of a jurisdiction having little relationship to the controversy. Plaintiffs entire claim arises out of a slip and fall incident that allegedly occurred on Atlantis property to an individual who voluntarily chose to travel there. The Bahamas has a preeminent interest in both protecting the rights of tourists and in determining the standards of safety, standards of resort employee conduct, and the scope of liability for Bahamian companies based on incidents that occur in The Bahamas. Policy concerns of a foreign nation are entitled to no less consideration than those of Florida or the U.S. in a *forum non conveniens* analysis.

In addition, Plaintiffs contractually agreed that Bahamian law would apply to their claims. *See* Exhibits 1 and 2; *see also Horberg,* 744 F.Supp.2d at 1296 ("Bahamian law will undisputably apply in this action, and the Court finds that this factor weighs in favor of dismissal"). In addition, *Atlantic Marine* mandates that Florida's choice-of-law rules will not apply, and therefore Bahamian law will apply to this dispute.[4]   This is yet another reason why

---

[4] Even if Florida's choice of law analysis applied, the result would be the same and Bahamian law would control this dispute.  Florida has adopted the "significant relationship test" of the Restatement (Second) of Conflicts of Law ("Restatement") which, if this lawsuit is not dismissed, would require this Court to determine controversies in accordance with the law of the jurisdiction with the "most significant relationship to the occurrence and the parties." *See Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla. 1980).  The factors that must be considered in determining which law has the most significant relationship are: (1) the place where the injury occurred, (2) the place where the conduct occurred which caused the injury, (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties,

11

this case should be brought in The Bahamas and not in a Florida court.

>   **D.  Southern District of Florida courts have dismissed negligence claims against Atlantis Resort and its affiliated companies based upon the doctrine of *forum non conveniens***

In *Sabino v. Kerzner International Bahamas Limited*, *et al.*, 12-cv-22725 McAliley (S.D. Fla. Jan. 10, 2014), the court dismissed pursuant to the forum selection clause using the modified *forum non conveniens* analysis in *Atlantic Marine*.

In *Morse v. Sun Int'l Hotels, Ltd.*, 2001 WL 34874967 (S.D. Fla. 2001), Judge Jordan dismissed a personal injury claim on *forum non conveniens* grounds. *Morse* involved a Florida resident who claimed she was injured in a boating accident while vacationing in The Bahamas. She sued the owners and operators of the Atlantis Resort for negligence. Judge Jordan ruled that The Bahamas was an adequate alternative forum. He concluded that the private and public factors weighed heavily in favor of trial in The Bahamas. Significantly, <u>*Morse* was affirmed by the Eleventh Circuit</u>. *See* 277 F.3d 1379 (11th Cir. 2001).

In *Miyoung Son v. Kerzner Int'l Resorts, Inc.*, 2008 WL 41869779 (S.D. Fla. 2008), Judge Marra dismissed negligence and loss of consortium claims on *forum non conveniens* grounds. Judge Marra ruled that The Bahamas was an adequate alternate forum and that the private and public interest factors weighed against the plaintiff's selection of the Southern District of Florida.

In *McGinn v. Kerzner Intern. Hotels Ltd.*, Case No.: 12-cv-20536-Moore (S.D. Fla. October 22, 2012), Judge Moore dismissed a personal injury case on *forum non convenien* grounds. Judge Moore ruled that "The Bahamas has a stronger sovereign interest in regulating its

---

and (4) the place where the relationship, if any, between the parties is centered. *Id*. citing Restatement § 145. For personal injury cases, such as here, Section 146 of the Restatement provides that the laws of the region where the injury occurred normally determine the rights and liabilities of the parties. *See id.* at 1001.

citizens' conduct that occurs entirely within its territory …." (noting that "The Bahamas has an inherent local interest in this lawsuit because tourism is the single largest industry in The Bahamas and the Atlantis is the largest hotel and single largest employer in The Bahamas").

In *Morrone v. Sun Int'l Hotels, Ltd.*, Case No. 05-61600-CIV-Seitz/McAliley (S.D. Fla. Sept. 25, 2005), Judge Seitz dismissed a personal injury case on *forum non conveniens* grounds. The incident purportedly occurred at the Atlantis Resort. *Morrone* involved lawsuit alleging similar defendants were negligent in their control of the hotel premises. In analyzing whether to dismiss the case on *forum non conveniens* grounds, Judge Seitz ruled that the private and public factors weighed heavily in favor of a trial in The Bahamas.

Similarly, in *Foster v. Sun Int'l Hotels, Ltd.*, 2002 WL 34576251 (S.D. Fla. 2002), Judge King dismissed a personal injury case on *forum non conveniens* grounds. In *Foster*, the plaintiff alleged personal injury when he slipped and fell on a walkway at the Atlantis Resort. Judge King ruled that The Bahamas was an adequate alternative forum and the private and public factors weighed heavily in favor of trial in The Bahamas.

In *Bell v. Kerzner Int'l Resorts, Inc.*, Case No. 10-23755-PAS (S.D. Fla. July 14 2011), Judge Seitz dismissed a wrongful death action in favor of re-filing in The Bahamas. Judge Seitz ruled that the public and private factors tipped in favor of The Bahamas.

In *Horberg v. Kerzner Int'l Resorts, Inc.*, 744 F.Supp.2d 1284 (S.D. Fla. 2007), Judge Ungaro dismissed claims that arose out of an alleged jet ski accident occurring in the waters off the Atlantis Resort. Judge Ungaro also determined that The Bahamas was an adequate alternate forum and that the private and public interest factors weighed in favor of dismissal.

In *Giordano v. Sun Int'l North Am. Inc.*, 98-cv-07456-WPD (S.D. Fla. Oct. 1, 1999), Judge Dimitrouleas dismissed on *forum non conveniens* grounds, ruling that The Bahamas was

13

an adequate alternate forum. Judge Dimitrouleas also ruled that the private and public interest factors favored trial in The Bahamas. *See also Chierchia v. Treasure Cay Svc.*, 738 F. Supp. 1386 (S.D. Fla. 1990) (dismissing a claim to recover for personal injuries allegedly incurred in a boating accident in The Bahamas on *forum non conveniens* grounds).[5]

Moreover, in Eleventh Circuit cases where courts previously denied dismissal on *forum non conveniens* grounds, the denial was exclusively or largely based upon on the deference to the plaintiff's choice of venue in Florida. *See e.g. SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F. 3d 1097, 1102 (11th Cir. 2004). Now that the Supreme Court in *Atlantic Marine* has ruled that no deference is to be afforded to a plaintiff's choice of venue (**and in fact deference should instead be given to the original contractual forum selection of The Bahamas**), all of the cases which previously denied *forum non conveniens* dismissal are inapposite. *See Atlantic Marine*, 134 S. Ct. at 581-82.

For all of the reasons discussed above, the public interest factors weigh heavily in favor of dismissal and, as noted above, under the new *Atlantic Marine* mandated analysis, the private interest factors are not to be considered.

E. **Plaintiffs can reinstate their lawsuit in The Bahamas without undue inconvenience or prejudice**

Once the Court determines that the balance of interests favors the alternative forum, then it must "ensure that plaintiffs can reinstate their suit in the alternative forum without undue

---

[5] Other courts have also dismissed negligence claims involving the Atlantis Resort on *forum non conveniens* grounds. For example, in *Dangler v. Atlantis Resort & Casino et al.*, Case No. CIV S-01-1228 WBS DAD (E.D. Cal. Aug. 1, 2002), the Eastern District of California dismissed a personal injury claim arising from an alleged slip and fall at the resort. The court dismissed the lawsuit ruling that The Bahamas was an adequate alternative forum and that the private and public factors weighed in favor of dismissal. The court also found that Bahamian courts have an interest in litigating matters occurring on Bahamian soil, which far exceeded California's interest in the lawsuit.

inconvenience or prejudice." *La Seguridad*, 707 F.2d at 1307. Plaintiffs will be able to pursue their claims in a Bahamian court without undue inconvenience and will not suffer any undue prejudice if they re-file this action in The Bahamas. Indeed, Island is a Bahamian corporation subject to jurisdiction in The Bahamas. <u>Island will accept service of suit for any lawsuit filed relating to this matter in The Bahamas</u>. Further, in the event the statute of limitations for negligence claims involving personal injury has run in the Bahamas, <u>Island agrees to waive that defense if Plaintiffs re-file their lawsuit in The Bahamas within six months after dismissal of this action</u>.

For the reasons discussed herein, Island has met its burden for a *forum non conveniens* dismissal and Plaintiffs' Complaint should be dismissed accordingly.

**III.   Conclusion**

For the reasons discussed above, this lawsuit should be dismissed. The claims in the Complaint are subject to a valid forum selection clause. Thus, under the *forum non conveniens* analysis articulated in *Atlantic Marine*, the case should be dismissed because the public factors all point to The Bahamas as the appropriate forum and Plaintiffs can re-file their lawsuit in The Bahamas without undue inconvenience or prejudice. Accordingly, Island respectfully requests the Court grant this Motion and dismiss the lawsuit in its entirety.

Dated: February 12, 2014
      Miami, Florida

                              Respectfully submitted,

                              MALTZMAN & PARTNERS, P.A.

                              BY:   /s/ Steve Holman
                                       Jeffrey B. Maltzman, Esq.
                                       Florida Bar No. 0048860
                                       jeffreym@maltzmanpartners.com
                                       Steve Holman, Esq.

                                                                          Florida Bar No. 547840
                                                                         steveh@maltzmanpartners.com
                                                                         55 Miracle Mile, Suite 320
                                                                         Coral Gables, FL  33134
                                         Tel: 305-779-5665 / Fax: 305-779-5664
                                                                         *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 12th day of February, 2014. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                                         By: /s/ Steve Holman___
                                                                             Steve Holman, Esq.

## SERVICE LIST
### CASE NO: 13-CV-23672-FAM

| | |
|---|---|
| Guy C. Icangelo, Jr., Esq.<br>Gicangelo@800goldlaw.com<br>LAW OFFICES OF CRAIG GOLDENFARD, P.A.<br>2090 Palm Beach Lakes Boulevard, Suite 402<br>West Palm Beach, FL 33409<br>Telephone: (561) 697-4440<br>Facsimile: (561) 687-1950<br>Attorneys for Plaintiffs | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 320<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>Attorneys for Defendant |