UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  13-23672-CIV-MORENO**

GLORIA M. BARILOTTI  and  AMERICO
BARILOTTI, her husband,

       Plaintiffs,

vs.

ISLAND HOTEL COMPANY LIMITED, a
Bahamian company,

       Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Island Hotel Company Limited's

Motion to Dismiss (D.E. No. 11).  The motion is now fully briefed and ripe for review.  The Court

has carefully considered the motion and the record and is otherwise fully advised in the premises.

For the following reasons, and in keeping with *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court*

*for the Western District of Texas*, 134 S. Ct. 568 (2013), the Court GRANTS Defendant's Motion

to Dismiss under the doctrine of *forum non conveniens* pursuant to a valid and enforceable forum-

selection clause.

### I. Background

Plaintiffs Gloria Barilotti and Americo Barilotti, citizens and residents of Florida, filed a two-

count complaint against Defendants Kerzner International Bahamas Limited, Kerzner International

Limited, Island Hotel Company Limited, and Paradise Island Limited, requesting relief for personal

injuries allegedly suffered by Gloria Barilotti as a result of a slip and fall at the Atlantis Resort on

Paradise Island, The Bahamas. The parties agreed to drop Kerzner International Bahamas Limited, Kerzner International Limited, and Paradise Island Limited from the lawsuit. Island Hotel Company Limited is the sole remaining Defendant.

The Complaint alleges that due to Defendant's negligence and failure to properly maintain the premises, Gloria Barilotti slipped and fell on a puddle of water, causing her to land on her right shoulder and suffer permanent and continuing injuries. The Complaint further alleges that as a result of Gloria Barilotti's injuries, her husband Americo Barilotti has suffered the diminishment of his wife's companionship and consortium.

Defendant then filed this Motion to Dismiss, arguing the Complaint should be dismissed under the doctrine of *forum non conveniens*. Defendant argues the Plaintiffs were guests at Atlantis Resort in The Bahamas at the time of the alleged incident and are subject to a contractual agreement containing a valid forum-selection clause which states that any claims arising from their stay in The Bahamas would be brought, if at all, exclusively before a court located in The Bahamas. Defendant further alleges that The Bahamas in any event is a more appropriate forum to hear this dispute.

Defendant alleges, and Plaintiffs do not dispute, that upon Plaintiffs' arrival at the Atlantis Resort, Plaintiffs signed a written registration form entitled "Acknowledgment, Agreement and Release" (the "Forum-Selection Clause"). The Forum-Selection Clause provides, in relevant part:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, I irrevocably agree to the Supreme Court of the Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for such proceedings whatsoever.

[D.E. 11, Ex. 1]. Defendant argues that under the Forum-Selection Clause, the case should be dismissed where The Bahamas is the exclusive and contractually-mandated forum, and would

constitute the more appropriate forum in any event.  Plaintiffs argue it would be unreasonable to enforce the Forum-Selection Clause because they were not meaningfully informed of the clause and were otherwise unable to reject the clause without substantial penalty.  They argue the Forum-Selection Clause was presented for the first time at check-in, and that if they were to reject the clause, they would have been subject to an onerous and significant financial penalty pursuant to Defendant's cancellation policy.  Due to the alleged lack of reasonable notice or communication provided to Plaintiffs regarding the Forum-Selection Clause, Plaintiffs argue the clause is unenforceable against the Plaintiffs, and Plaintiffs can therefore properly litigate in the Southern District of Florida.

## II. Standard of Review

Under Rule 8, a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2008).

## III. Analysis

### A. The Forum-Selection Clause is Valid and Enforceable

In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, 134

S. Ct. 568 (2013), the Supreme Court altered the procedure for requesting dismissal of a complaint

on the basis of a valid forum-selection clause. Rather than making a motion pursuant to Fed. R. Civ.

P. 12(b)(3), the prior procedure adopted by the Eleventh Circuit, "[i]nstead, the appropriate way to

enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum*

*non conveniens.*" *Id.* at 580. District Courts in Florida have since followed this procedure. *See, e.g.,*

*Diverse Elements, Inc. v. Ecommerce, Inc.*, No. 13-cv-24109, 2014 WL 1100624 (S.D. Fla. March

19, 2014); *PNC Bank, N.A. v. Akshar Petroleum, Inc.*, No. 13-cv-436-J-34PDB, 2014 WL 1230689

(M.D. Fla. March 25, 2014); *Cableview Communications of Jacksonville, Inc., v. Time Warner Cable*

*Southeast LLC*, No. 13-cv-306-J-34JRK, 2014 WL 1268584 (M.D. Fla. March 27, 2014).

First, the Court must determine whether there is, in fact, a valid forum-selection clause.

*Atlantic Marine*, 134 S. Ct. at 581 & n.5 (the analysis "presupposes a contractually valid forum-

selection clause"); *Diverse Elements*, 2014 WL 1100624, at *2. Federal courts have long recognized

that mandatory forum-selection clauses are presumptively valid and enforceable and warrant

dismissal in favor of a contractually-mandated foreign forum. *E.g.*, *M/S Bremen v. Zapata Off-shore*

*Co.*, 407 U.S. 1, 10 (1972); *Howard v. Kerzner Intern. Ltd.*, No. 12-cv-22184, 2013 WL 5353417

(S.D. Fla. Sept. 24, 2013). Here, the clause provides that any claims resulting from events that

occurred in The Bahamas "shall" be governed by Bahamian law, and that the Supreme Court of The

Bahamas is the "exclusive" venue for these proceedings. Courts in the Eleventh Circuit have found

this sufficient to indicate a mandatory forum-selection clause. *E.g.*, *Krenkel v. Kerzner Intern. Hotels*

*Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (finding forum-selection clause with mandatory language

valid and enforceable); *Cableview*, 2014 WL 1268584, at *23 (use of "shall" and "exclusive"

indicate mandatory). "When the parties have agreed to a valid forum-selection clause, a district court

should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine*, 134 S. Ct. at 581. "Only under extraordinary circumstances unrelated to the convenience of the parties" should the motion be denied. *Id.*  This is because a valid forum-selection clause "represents the parties agreement as to the most proper forum." *Id.*, citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system," and for that reason "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.*, quoting *Stewart*, 487 U.S. at 33.

In dealing with the Forum-Selection Clause at issue, "the Court must be mindful that a reservation form of this kind 'will be a form contract the terms of which are not subject to negotiation,' and that an individual registering 'will not have bargaining parity' with the hotel." *Foster v. Sun Intern. Hotels, Ltd.*, No. 01-01290, 2002 WL 34576251 at *1-2 (S.D. Fla. Feb. 5, 2002), quoting *Shute*, 499 U.S. at 593.  In this scenario, the forum-selection clause is "subject to judicial scrutiny for fundamental fairness." *Shute*, 499 U.S. at 595.

Nevertheless, "[f]orum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel*, 579 F.3d at 1281 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991)); *M/S Bremen*, 407 U.S. at 10.  A forum-selection clause will be held "unreasonable" when: (1) when the formation of the clause was induced by fraud or overreaching; (2) when the plaintiff would be deprived of his or her day in court because of inconvenience or unfairness; (3) when the chosen law would deprive the plaintiff of a remedy; or (4) when enforcement of the provisions would contravene public policy. *Shute*, 499 U.S. at 594-55; *Lipcon v. Underwriters at*

*Lloyd's, London,* 148 F.3d 1285, 1290 (11th Cir. 1998). Determining the reasonableness of a forum-selection clause is a fact-specific inquiry to be made on a case-by-case basis. *Sun Trust Bank v. Sun Int'l. Hotels Ltd.*, 184 F. Supp. 2d 1246, 1258 (S.D. Fla. 2001).

In determining whether there was fraud or overreaching, the Court looks to whether the clause was reasonably communicated to the consumer. *Krenkel*, 579 F.3d at 1281. A useful two-part test of "reasonable communicativeness" takes into account whether the plaintiffs had the ability to become meaningfully informed of the clause and to reject its terms. *Id.* "A forum-selection clause is not fundamentally fair if it is shown that the resisting party was not free to reject it with impunity." *Sun Trust Bank*, 184 F. Supp. 2d at 1261; *Larsen v. Kerzner Intern. Hotels Ltd.*, No. 08-cv-22031, 2009 WL 1759585 at *5 (S.D. Fla. June 19, 2009).

Plaintiffs Gloria Barilotti and Americo Barilotti argue it would be unreasonable to enforce the Forum-Selection Clause because they were not meaningfully informed of the clause and were otherwise unable to reject it without substantial penalty.[1] Specifically, they argue the Forum-Selection Clause was presented for the first time at check-in, and that if they were to reject the clause, they would have been subject to an onerous and significant financial penalty pursuant to Defendant's cancellation policy. [D.E. 23 at 12-13].

Defendant argues, however, that Plaintiffs knew of the Forum-Selection Clause *prior* to check-in, as their travel agent knew of the Forum-Selection Clause due to a 2008 contract between Liberty Travel and the Atlantis Resort. Plaintiffs booked their stay at Atlantis through the travel agency Liberty Travel. [D.E. 19, Aff. G. Knowles-Thompson at ¶ 3]. Defendant alleges, and

---

[1] Plaintiffs do not argue that enforcement of the Forum-Selection Clause is unreasonable due to any physical characteristics of the clause, such as small print, or hidden or ambiguous placement of the language in the contract.

Plaintiffs do not dispute, that Atlantis has a "longstanding contract" with Liberty Travel, which includes a provision advising that guests booking their Atlantis reservation through Liberty will be required to sign a registration form upon their arrival at the resort that includes a choice of law provision. *Id.* at ¶ 4; [D.E. 11 at 4]. Specifically, Section 17.2.3 of the contract titled "Guest Registration" provides:

> During the guest registration process, your clients will be asked to sign a form agreeing to the following terms related to any claims they may have as a result of their stay at the resort: I agree that any claim I may have against Atlantis, Dolphin Cay, or any of their officers, directors, employees or related or affiliated companies, including, without limitation, Kerzner International Limited, Kerzner International Bahamas Limited, Island Hotel Company Limited, Paradise Enterprises Limited, Paradise Island Limited and Paradise Beach Inn Limited resulting from any events occurring in the Bahamas shall be governed by and construed in accordance with the laws of the Commonwealth of The Bahamas, and further, irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever. The foregoing shall apply to all persons accompanying me, and I represent that I have the authority to sign this document on their behalf.

*Id.* at ¶¶ 3-4; [D.E. 19, Ex.1 to Aff. G. Knowles-Thompson].

Defendant argues that travel agents are agents of purchasers of travel, and that guests are accordingly charged with constructive knowledge of terms and conditions of travel documents in their agents' possession. [D.E. 11 at 5]. Thus, Defendant argues, "prior notice to Liberty that guests booking Atlantis reservations will be required to sign a registration form upon their arrival at the resort that includes a choice of law provision and forum selection clause is deemed notification to Plaintiffs." *Id.*

"It is settled law that travel agents are to be construed as agents of ticket purchaser, and passengers are accordingly charged with constructive knowledge of ticket terms and conditions while the tickets are in their agent's possession." *Warrick v. Carnival Corp.*, No. 12-cv-61389, 2013 WL

3333358, at *12 (S.D. Fla. Feb. 4, 2013) (citing *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F. Supp. 2d 352, 360 n.1 (S.D.N.Y. 2004) (finding travel agent was passenger's agent, not the Norwegian Cruise Line's agent)); *see also Gasca v. Empresa de Transporte Aero Del Peru*, 992 F.Supp. 1377, 1381-82 (S.D. Fla. 1998) (finding that travel agent issuing ticket on behalf of airline was airline's agent, thus travel agent's knowledge was imputed to airline).[2]

More importantly, in open court on April 29, 2014 during oral argument on the motion to dismiss, counsel for Plaintiffs did not dispute that Plaintiffs' travel agent was on notice of the Forum-Selection Clause:

> THE COURT: So you concede that the travel agent was on notice of the forum selection clause, right?
>
> MR. ICANGELO: Only based on what the defense has provided, Your Honor, yes.
>
> THE COURT: Well, you don't dispute it.
>
> MR. ICANGELO: No, I don't dispute it, no, of course not.
>
> THE COURT: So there is at least one notice to the travel agent. Se we don't need the travel agent to come in and testify.
>
> MR. ICANGELO: No, we don't, Your Honor.

*See* April 29, 2014 Hearing Tr. at 4:20 - 5:5 (excerpt attached).

Therefore, there is no factual dispute regarding Liberty Travel's possession and knowledge of the terms and conditions of the Guest Registration pursuant to the 2008 contract between Liberty Travel and The Atlantis. This contract explicitly states Plaintiffs' claims would be subject to a forum-selection clause, whereby Plaintiffs "irrevocably agree to the Supreme Court of The Bahamas

---

[2] Federal courts in other districts are in agreement. *See, e.g., Lurie*, 305 F. Supp. 2d at 360 n.1; *Walker v. Carnival Cruise Lines*, 63 F. Supp. 2d 1083, 1089 (N.D. Cal. 1999) (noting that "courts have . . . held that notice of a passage contract can be imputed to a passenger who has not personally received the ticket or possession thereof. The ticket may be received by passengers themselves or by their travel agent) (citing *Gomez v. Royal Caribbean Cruise Lines*, 964 F.Supp. 47, 50 (D.P.R. 1997).

as the exclusive venue for any such proceedings whatsoever," [D.E. 19, Ex.1 to Aff. G. Knowles-Thompson]. "Travel agents are to be construed as agents of ticket purchaser, and passengers are accordingly charged with constructive knowledge of ticket terms and conditions while the tickets are in their agent's possession." *Warrick*, 2013 WL 3333358 at *12 (citations omitted). Accordingly, Plaintiffs are charged with constructive knowledge of the terms and conditions of the Guest Registration, and cannot properly claim that they were first informed of the existence of the Forum-Selection Clause as check-in. Plaintiffs have failed to make a "strong showing" that enforcement of the Forum-Selection Clause is unfair or unreasonable under the circumstances. *E.g., Krenkel*, 579 F.3d at 1281 (citing *Shute*, 499 U.S. at 593-95). The Court finds the Forum-Selection Clause valid and enforceable against the Plaintiffs.

**B. *Forum Non Conveniens* Analysis under *Atlantic Marine***

During the April 29, 2014 hearing on the motion to dismiss, the parties agreed that there was no factual dispute with respect to the *forum non conveniens* analysis. *See* April 29, 2014 Hearing Tr. at 12:4-15.[3] The Court, therefore, will analyze the legal and procedural framework of the *forum non conveniens* doctrine.

Recently, the Supreme Court altered *forum non conveniens* analysis when faced with a valid, enforceable forum-selection clause. In *Atlantic Marine*, the Supreme Court held that "a valid forum-

---

[3] THE COURT: [I]s there a need for an evidentiary hearing. It seems to me that no fact is really in dispute, is there? Is there a fact in dispute as to the *forum non conveniens* issue, not the slip-and-fall?
MR. HOLMAN: No, Your Honor.
THE COURT: Do you agree?
MR. ICANGELO: I agree.
THE COURT: So both sides agree that there's no need for an evidentiary hearing; am I right?
MR. HOLMAN: Yes, Your Honor.
MR. ICANGELO: That's right.

selection clause [should be] given controlling weight in all but the most exceptional cases," and that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine*, 134 S. Ct. at 581 (citations omitted). "Only under extraordinary circumstances unrelated to the convenience of the parties" should the motion be denied. *Id.*; *see also PNC Bank*, 2014 WL 1230689 at *4. The Court then held "that the presence of a valid forum-selection clause requires district courts to adjust [the *forum non conveniens*] analysis in three ways." *Atlantic Marine*, 134 S. Ct. at 581.

First, "the plaintiff's choice of forum merits no weight." *Id.* As the party "defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* When a plaintiff agrees by contract to file the lawsuit only in a specified forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises. Only that initial choice deserves deference[.]" *Id.* at 582.

Second, the district court "should not consider arguments about the parties' private interests." *Id.* Private interest factors include: (a) the relative ease of access to sources of proof, (b) access to unwilling and willing witnesses, © ability to compel testimony, and (d) the possibility of the view of the premises, and (e) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Wilson v. Island Seas Investments, Ltd.*, 590 F.3d 1264, 1270 (11th Cir. 2009) (citing *Gulf Oil Corp*, 330 U.S. at 508)). Instead, in the presence of a valid and enforceable forum-selection clause:

> [The parties] waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. As we have explained in a different but "'instructive'" context (citation omitted), "[w]hatever 'inconvenience' [the parties] would suffer by

being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting."

*Atlantic Marine*, 134 S. Ct. at 582 (quoting *The Bremen v. Zapata Off-Shore Co.*, 408 U.S. 1, 17-18 (1972)).  Accordingly, "a district court may consider arguments about public-interest factors only, [and] the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 134 S. Ct. at 582; *see also PNC Bank*, 2014 WL 1230689, at *4, 6 ("public-interest factors will "rarely defeat" a motion to enforce a valid forum-selection clause).[4]  Public interest factors include: (a) the administrative difficulties flowing from court congestion; (b) the local interest in having localized controversies decided at home; © the interest in having the trial of a diversity case in a forum that is at home with the law; and (d) avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy. *Atlantic Marine*, 134 S. Ct. at 582 n.6; *Gulf Oil Corp*, 330 U.S. at 508-09.

Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum," the original venue's choice-of-law rules will not carry over - a fact that in some circumstances may affect public-interest considerations. *Id.*, citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (listing a court's familiarity with the "law that must govern the action" as a potential factor).  In other words "a plaintiff who files suit in violation of a forum-selection clause enjoys no such 'privilege' with respect to its choice of forum, and therefore it is entitled to no concomitant 'state-law advantages.'" *Id.* at 583.  Accordingly, "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties

---

[4] Therefore, for the purposes of a modified *forum non conveniens* analysis, Plaintiffs' reliance on prior case law in addressing the private interest factors is misplaced.  When faced with a valid forum-selection clause, the Supreme Court's decision in *Atlantic Marine Const. Co., v. U.S. Dist. Court for the Western Dist. of Texas, et al.*, 134 S. Ct. 568 (2013) controls.

waived their right." *Id.*

Applying the first change, Plaintiffs' choice to bring suit in Florida merits no weight. Deference instead is given to The Bahamas as the selected forum in the Forum-Selection Clause. Applying the third change, Florida choice-of-law rules would not apply in the instant dispute. Rather, Bahamian choice-of-law rules would apply.[5]

Applying the second change, Plaintiffs arguments regarding private interests in their favor are not to be considered. Rather, the Court considers the public interest factors raised by the parties. Those factors are discussed below, along with the remaining issues of whether The Bahamas is an adequate alternative forum, and whether Plaintiffs can reinstate the action without undue inconvenience or prejudice.

**(1) The Bahamas is an Adequate Alternative Forum**

The first step a district court makes in a *forum non conveniens* analysis is to determine whether an adequate alternate forum exists.   *La Seguridad v. Transytur Line*, 707 F.2d 1304 (11th

---

[5] Bahamian law would likely apply to the dispute in any event.  Defendant correctly argues that even if Florida's choice of law analysis applies, the result would be the same and Bahamian law would control this dispute.  Florida adopts the "significant relationship test' of the Restatement (Second) of Conflicts of Law ("Restatement"), which would require this Court to determine controversies in accordance with the law of the jurisdiction with the "most significant relationship to the occurrent and the parties." *Bishop v. Florida Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). The facts that must be considered in determining which law has the most significant relationship are: (1) the place where the injury occurred, (2) the place where the conduct occurred which caused the injury, (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and (4) the place where the relationship, if any, between the parties is centered. Id., citing Restatement § 145.  For personal injury cases, Section 146 of the Restatement provides that the laws of the region where the injury occurred normally determine the rights and liabilities of the parties. *Bishop*, 389 So. 2d at 1001; *see also Howard v. Kerzner Intern. Ltd.*, No. 12-cv-22184, 2014 WL 714787 at *3 (S.D. Fla. Feb. 24, 2014) ("[T]he Court concludes that the law of the Bahamas will be applied here. Considering the place where the injury occurred, the place where the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship, if any, between the parties is centered, the Bahamas has the overriding interest in this litigation.").

Cir. 1983). The Court must determine if the alternative forum is "adequate" and "available," with adequacy and availability as separate issues. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 578 F.3d 1283, 1290 (11th Cir. 2009).

For a foreign court to be available, it must be able to "assert jurisdiction over the litigation sought to be transferred." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). "A defendant's submission to the jurisdiction of an alternative forum renders that forum available for the purposes of a *forum non conveniens* analysis." *Bautista v. Cruise Ships Catering and Svc. Int'l*, 350 F. Supp. 2d 987, 991 (S.D. Fla. 2004). With respect to adequacy, "[a] remedy is inadequate when it amounts to no remedy at all." *Aldana*, 578 F.3d at 1290. It is "only in rare circumstances where the remedy offered by the other forum is so clearly unsatisfactory that the alternative forum may be regarded as inadequate." *Id.* (quoting *Piper Aircraft*, 454 U.S. at 254). Ordinarily, the alternative adequate forum requirement will be satisfied "when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft*, 454 U.S. at 255 (quoting *Gulf Oil Corp*, 330 U.S. at 506-07). Generally, courts are loath to deem other forums inadequate. *See Leon*, 251 F.3d at 1311.

Defendant Island Hotel Company Limited is a Bahamian Corporation. [D.E. 1 at ¶ 13]. Defendant claims it is amenable to service of process in The Bahamas, and expressly consents to jurisdiction in The Bahamas. [D.E. 11 at 8]. Moreover, the Bahamian legal system recognizes negligence actions like Plaintiffs' claims in the instant case. *See, e.g., Morrone v. Sun Intern. Hotels Ltd.*, No. 05-cv-61600 at *5 (S.D. Fla. Sept. 22, 2006); see also *Larsen*, 2009 WL 1759585, at *7 ("the Bahamian legal system is pattered after the English system; allows access to evidence, witnesses, and relevant sites; permits actions based on negligence and damages in personal injury cases; and supports enforcement of judgments."). Accordingly, Defendant has satisfied the

availability and adequacy inquiries, and the Court has no reason to find otherwise, particularly where Plaintiffs have failed to refute, let alone substantively address, this prong.

**(2) The Public Interest Factors Weigh in Favor of Dismissal**

As noted above, public interest factors include: (a) the administrative difficulties flowing from court congestion; (b) the local interest in having localized controversies decided at home; © the interest in having the trial of a diversity case in a forum that is at home with the law; and (d) avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy. *Atlantic Marine*, 134 S. Ct. at 582 n.6; *Gulf Oil Corp*, 330 U.S. at 508-09.

Defendant first argues that court congestion weighs in favor of dismissal, as the Southern District of Florida has one of the busiest dockets in the country. [D.E. 11 at 9]. Defendant similarly argues that jury duty should not be imposed on the citizens of a jurisdiction having little relationship to the controversy. [D.E. 11 at 11].

Defendant then argues that the dispute has little or no relation to Florida, and Florida has little or no interest in adjudicating claims under Bahamian law arising out of an incident that occurred in Bahamian waters under circumstances where Plaintiffs voluntarily traveled to The Bahamas. [D.E. 11 at 10]. Defendant further argues that for these reasons, the interests of The Bahamas "far outweigh" any local interest in the controversy, particularly where tourism is the largest industry in The Bahamas and the Atlantis is the largest resort in The Bahamas. [D.E. 11 at 10]. Moreover, Defendant is a Bahamian entity, and even if it conducts business in Florida, the Bahamas has a strong interest in: (a) regulating the standards of conduct of the Bahamian Defendant and the duty it owes to visitors of the resort; (b) protecting the rights of tourists and determining the standards of safety; and © determining the scope of liability for Bahamian companies based on incidents that occur in

The Bahamas. [D.E. 11 at 10-11].

Plaintiffs, on the other hand, argue that Florida, as well as the United States, has an interest

in the dispute where: (a) Defendant conducts "extensive business" in Florida; (b) there is a strong

federal interest in making sure that plaintiffs who are United States citizens generally get to choose

an American forum for bringing suit; and © there is a significant interest in determining that resort

operators take reasonable steps to ensure the safety of their guests. [D.E. 23 at 11-12].

The Court finds that in light of the valid and enforceable Forum-Selection Clause, Plaintiffs

have failed to demonstrate that the circumstances of this dispute are "extraordinary" and require the

case to be litigated here in the Southern District of Florida. As noted above, when faced with a valid,

enforceable forum-selection clause, "a district court should ordinarily transfer the case to the forum

specified in that clause." *Atlantic Marine*, 134 S. Ct. at 581 (noting dismissal is denied "only under

extraordinary circumstances unrelated to the convenience of the parties"); *see also PNC Bank*, 2014

WL 1230689, at *4 (noting Plaintiff failed to meet this burden and granting motion to dismiss on

grounds of *forum non conveniens*).

First, although the Court may consider that "the Southern District of Florida has one of the

busiest dockets in the United States," this factor is accorded little weight in the analysis. *Beaman v.*

*Maco Caribe, Inc.*, 790 F. Supp. 2d 1371, 1379-80 (11th Cir. 2011); *Morse v. Sun Intern. Hotels,*

*Ltd.*, No. 98-cv-7451, 2001 WL 34874967, at *6 (S.D. Fla. Feb. 26, 2001). The Court also finds that

the potential, if not likely, application of Bahamian law in this dispute is a factor weighing in favor

of dismissal. The Court "would be forced to rely on expert testimony and evidence provided by the

parties as to the substance of Bahamian law, which would add to the administrative burden of having

trial in this forum." *Miyoung Son*, 2008 WL 4186979, at *11, citing *Piper Aircraft*, 454 U.S. at 251

("The public interest factors point towards dismissal where the court would be required to 'untangle problems in conflict of laws, and in law foreign to itself.") (citation omitted).  While this factor is relevant in the Court's analysis, it cannot, however, be accorded "dispositive weight" as federal courts are often required to decide issues of foreign law.  *Howard*, 2013 WL 5353417, at *8 (noting Bahamian law is derived from English law and similar to Florida law, and there are no language barriers to the courts' understanding of Bahamian law).

Second, the Court must balance the United States' interest in protecting Plaintiffs - both Florida citizens - in a dispute taking place on foreign soil and ensuring the safety of its citizens in foreign resorts, with The Bahamas' interest in settling a dispute between its citizens and foreigners for activity that happened within its sovereign territory.[6]  While the United States' interest is indeed important, *see, e.g.*, *Sun Trust Bank*, 184 F. Supp. 2d at 1266, the Court finds The Bahamas' interest equally strong under the circumstances.  *See, e.g.*, *Horberg*, 744 F.Supp.2d at 1295-96 (dismissing case on grounds of *forum non conveniens* and finding "The Bahamas has a much stronger local interest in deciding this action" where "Defendants are Bahamian entities, and the alleged accident occurred off the waters of The Bahamas. The case involves a prominent Bahamian resort, and tourism is the largest industry in The Bahamas. The Bahamas has a vital interest in regulating the

---

[6] Plaintiffs similarly argue that the "additional hardship of facing unfair prejudice by bringing suit against a hometown employer in the largest industry in the small island nation" weighs in favor of denying dismissal. [D.E. 23 at 10].  While Plaintiffs raised this argument as a private interest factor, the argument is more properly encompassed in the public interest factor analysis, where the United States has an interest in providing its plaintiffs with a domestic forum against an "allegedly predatory foreign business." *SME Racks*, 382 F.3d at 1104; *Wagner v. Island Romance Holidays, Inc.*, No. 12-cv-23928, 2013 WL 5718969 at *5 (S.D. Fla. Oct. 21, 2013) (noting this factor as part of public interest analysis). As noted in this opinion, the interest in providing a domestic forum is undercut in the face of a valid and enforceable forum-selection clause. *See Atlantic Marine*, 134 S. Ct. at 581-82 (noting that when a plaintiff agrees by contract to file the lawsuit only in a specified forum, "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises.").

standards of conduct of the Bahamian Defendants."); *Foster*, 2002 WL 34576251, at *3 (dismissing on grounds of *forum non conveniens*, noting "The Bahamas has a very strong interest in this litigation. The tourism industry is vital to the Bahamas, and the Bahamas has an interest in regulating the conduct of the Bahamian Defendants and the duty under Bahamian law that they owe visitors to the Atlantis Resort—the largest resort on the island.").[7]

Further, Courts have found that even where defendants conduct extensive business through South Florida offices, "that presence is not of great relevance to this lawsuit" when "the crux of this action is Defendants' alleged negligence in failing to properly supervise and monitor the use of jet skis by their guests." *Horberg*, 744 F. Supp. 2d at 1296.

Ultimately, the public factors weigh in favor of dismissal. The "crux" of this lawsuit is a slip-and-fall occurring at a Bahamian resort owned by a Bahamian entity. The otherwise substantial weight accorded to the United States' interests in providing a forum for its Plaintiffs is undercut in the presence of a valid and enforceable forum-selection clause, and is thus outweighed by the Bahamian interests in settling a dispute arising out of conduct that occurred in its own territory and related to a vital Bahamian industry, and regulating the standards of conduct of the Bahamian Defendant. Plaintiffs have not shown "extraordinary circumstances unrelated to the convenience of

---

[7] Plaintiffs' reliance on *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097 (2004), while valid in some respects, is misplaced in key aspects. First, *SME Racks* did not involve a valid, enforceable forum-selection clause. Second, the Court's examination of "extreme circumstances" and "manifest injustice" in *SME Racks* related to its analysis of *private* interest factors. As noted above, when faced with a valid forum-selection clause, the district court "should not consider arguments about the parties' private interests," but "may consider arguments about public-interest factors only." *Atlantic Marine*, 134 S. Ct. at 582. Third, the facts in *SME Racks* are distinguishable. In *SME Racks*, a U.S. plaintiff brought an action against a Spanish company for a breach of contract and various torts *in Florida*. *SME Racks*, 382 F.3d at 1099 (emphasis added). Here, "the 'harm' did not occur in Florida, or even in the United States. Instead, Plaintiffs are suing Bahamian companies for conduct which occurred entirely within the Bahamas." *Miyoung Son*, 2008 WL 4186979, at *10.

the parties" that warrant denial of dismissal when the analysis is controlled by a valid forum-selection clause. *See PNC Bank*, 2014 WL 1230689, at *7 (dismissing on grounds of forum non conveniens after finding plaintiff did not demonstrate circumstances and burden on the court "would be so great as to constitute the type of 'unusual' or 'extraordinary' circumstances referenced in *Atlantic Marine*").

**(3) Plaintiffs Can Reinstate Their Suit Without Undue Inconvenience or Prejudice**

If the Court determines that the case warrants dismissal under *forum non conveniens*, it should ensure that Plaintiffs can reinstate their suit without undue inconvenience or prejudice. *Horberg*, 744 F. Supp. 2d at 1296-97; *Leon*, 251 F.3d at 1310-11. These conditions should include Defendant's waiver of any defenses related to the statutes of limitation, venue,, or jurisdiction in The Bahamas. *See Morse*, 2001 WL 34874967, at *8. Plaintiffs will not be unduly inconvenienced if this action is dismissed, nor will they be unduly prejudiced, as Defendant is subject to the jurisdiction of Bahamian courts and concedes, first, that it will accept service of suit for any lawsuit filed relating to this matter in The Bahamas, and, second, that "in the event the statute of limitations for negligence claims involving personal injury has run in The Bahamas, Island agrees to waive that defense if Plaintiffs re-file their lawsuit in The Bahamas within six months after dismissal of this action." [D.E. 11 at 15]. District courts have routinely dismissed actions subject to such representations. *E.g.*, *Horberg*, 744 F. Supp. 2d at 1297; *Miyoung Son*, 2008 WL 4186979, at *11.

Any inconvenience Plaintiffs may suffer through reinstating the lawsuit in The Bahamas is not strong enough to deny dismissal, and in any event such inconvenience should be warranted minimal to no weight in light of the valid Forum-Selection Clause. *See Atlantic Marine*, 134 S. Ct. at 582 ("As we have explained in a different but 'instructive' context, "[w]hatever 'inconvenience'

-18-

[the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting.") (citation omitted).

## IV. Conclusion

For the reasons stated above, it is ADJUDGED that:

(1) Defendant's Motion to Dismiss (D.E. No. 11) is GRANTED, and this case is DISMISSED on the grounds of *forum non conveniens* due to a valid and enforceable forum-selection clause. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, 134 S. Ct. 568 (2013).

(2) The dismissal of this case is subject to Defendant's representations regarding acceptance of service and waiver of statutes of limitations defenses they might have under Bahamian law.

(3) All pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 6 day of May, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record